IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>PASCUAL A. RUIZ, JR.,<br><br>*Defendant.* | Case No. 23-10024-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Pascual A. Ruiz, Jr.'s Motion to Reduce Sentence (Doc. 43).[1] He contends that he is entitled to a sentence reduction due to recent amendments to the United States Sentencing Guidelines. The government opposes Defendant's motion for sentence reduction. For the reasons stated in more detail below, the Court dismisses Defendant's motion.

On July 12, 2023, Defendant pleaded guilty to possession of ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). On September 27, 2023, the Court sentenced Defendant to 70 months' imprisonment. On February 6, 2025, Defendant filed a Motion to Reduce Sentence, requesting a sentence reduction under Amendment 821.

---

[1] The Federal Public Defender's Office declined representation of Defendant in this matter.

-2-

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[2] Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[3]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[4] Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[5]

Defendant is not entitled to a reduction under either provision. Defendant is not a zero-point offender, and he did not receive any status points. Thus, he is ineligible for a reduction in sentence under Amendment 821. Accordingly, the Court dismisses Defendant's motion.[6]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 43) is **DISMISSED**.

---

[2] 18 U.S.C. § 3582(c)(2).

[3] *Id.*

[4] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[5] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited March 4, 2025); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[6] *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)).

**IT IS SO ORDERED**.

Dated this 4th day of March, 2025.

                                              ERIC F. MELGREN
                                              CHIEF UNITED STATES DISTRICT JUDGE